On appellant's and respondent's joint motion for remand filed December 9, 2002,
sentences vacated and remanded in part; otherwise affirmed February 12, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# LUIS DIAS JAIME,
*Appellant.*

## CF990476; A110060

63 P3d 53

Walter J. Ledesma, Deputy Public Defender, and David E. Groom, Acting Executive Director, Office of Public Defense Services, and Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Wollheim and Kistler, Judges.

BREWER, P. J.

**BREWER, P. J.**

The parties have jointly moved for an order vacating the sentences in this case and remanding it to the trial court for resentencing. We grant the motion.

Defendant was charged with second-degree assault (count one), first-degree burglary (count two), two counts of third-degree assault involving different victims (counts three and four), and first-degree criminal mischief (count five). Defendant waived his right to a jury trial, and the case was tried to the court. The court found defendant guilty of first-degree burglary (count two) and third-degree assault (count three), and it acquitted him of the other charges.

At sentencing, the court determined that defendant's criminal history included two prior person felonies and, accordingly, classified him in gridblock 9-B on his burglary conviction. That determination assumed that defendant's two prior juvenile adjudications for misdemeanors (fourth-degree assault and menacing) should be counted together as one person felony in calculating defendant's criminal history score. The state concedes that the trial court erred in counting defendant's two juvenile adjudications for misdemeanors as a conviction for a person felony. We accept the state's concession.

To fall under criminal history category B of the criminal history scale, defendant's history needed to include "two person felonies in any combination of adult convictions or juvenile adjudications." OAR 213-004-0007(B). A "juvenile adjudication" is "a formal adjudication or finding by a court that the juvenile has committed an act, which, if committed by an adult, would be punishable as a felony." OAR 213-003-0001(11). Because a juvenile misdemeanor is not included in the definition of juvenile adjudication, it cannot be counted toward a category B classification under OAR 213-004-0007.

In addition, the "two for one" rule does not apply to juvenile adjudications for misdemeanors. Although OAR 213-004-0008 requires the court to count every two person Class A misdemeanors as a person felony in determining an offender's criminal history score, that section applies only to

adult misdemeanor convictions. OAR 213-004-008 provides that "[e]very two prior *adult convictions* of person Class A misdemeanors in the offender's criminal history shall be counted as one adult conviction of a person felony for criminal history purposes." OAR 213-004-0008 (emphasis added).

■ The parties disagree as to whether defendant adequately preserved the foregoing error before the trial court. We conclude that he did not but that the error is apparent on the face of the record. Because it can be corrected with a minimum of judicial resources and could have a significant effect on defendant's sentence, we exercise our discretion to review it. *See State v. Longenecker*, 175 Or App 33, 36-37, 27 P3d 509, *rev den*, 332 Or 656 (2001). We vacate the sentences and remand the entire case to the trial court for resentencing, pursuant to ORS 138.222(5).

Sentences vacated and remanded for resentencing; otherwise affirmed.